**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH LEVESQUE, SHERYL LEVESQUE, <br><br>             Plaintiffs - Appellants, <br><br>  v. <br><br> CITY OF MESA, CITY OF MESA POLICE DEPARTMENT, OFFICER DAVID KOHLER, OFFICER DANIEL GLOVER,et al., <br><br>             Defendants - Appellees. | No. 10-16892 <br><br> D.C. No. 2:09-cv-00378-SRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted July 18, 2011
San Francisco, California

Before:     TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
                District Judge.[**]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

On February 21, 2008, Joseph Levesque was shot with an automatic assault rifle by Officer Kohler of the City of Mesa Police Department. On February 12, 2009, Joseph Levesque and his wife, Sheryl Levesque, filed a lawsuit against defendants, the City of Mesa, Officer Kohler, Officer Glover, Sergeant Ivey, and fictitious defendants, alleging inter alia excessive force in violation of 42 U.S.C. § 1983. On August 2, 2010, the district court (Bolton, J.) heard oral argument on defendants' motions for summary judgment and on August 10, 2010 the district court issued an order granting defendants' motions for summary judgment. Plaintiff-appellants now appeal the district court's grant of defendants' motions for summary judgment. We affirm.

We review the district court's grant of a summary judgment motion de novo. A police officer's use of force is governed by the reasonableness standard set forth in Graham v. Connor, 490 U.S. 386, 395 (1989). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations omitted). The test of objective reasonableness is based on the "perspective of a reasonable officer on the scene," and not "with the 20/20 vision of hindsight." Id. at 396 (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)). The use

2

of force must be judged considering the totality of the circumstances, including the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)).

Viewing the facts in the light most favorable to plaintiffs, the district court did not err in concluding that the defendants' actions were objectively reasonable under the circumstances and thus that defendants were entitled to summary judgment, particularly in light of this Court's decision in Wilkinson v. Torres, 610 F.3d 546 (9th Cir. 2010). In the instant case, it is undisputed that Mr. Levesque, after causing a disturbance at a local bar by allegedly pointing a firearm at another patron, thereupon, rather than surrendering to Officers Kohler and Glover, accelerated his truck in the general direction of the two officers while both officers were on foot. Given the officers' close proximity to the moving vehicle, it was objectively reasonable for the officers to shoot Mr. Levesque, because the moving vehicle posed an immediate threat to the officers' safety. The fact that an eyewitness proffered the opinion that she did not believe that the officers were actually in danger is immaterial because the test of objective reasonableness is

based on the "perspective of the officer on the scene." See Graham, 490 U.S. at 396; see also Wilkinson, 610 F.3d at 551.

We have considered the appellants' additional arguments and similarly find them to be without merit.

**AFFIRMED**.